UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24580-CIV--SEITZ/SIMONTON

JOHN VAN HOY, SR., *et al.*,

      Plaintiffs,

v.

SANDALS RESORTS INTERNATIONAL, LTD., *et al.*,

      Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS FOR FORUM NON CONVENIENS

THIS MATTER is before the Court on Defendants' five motions to dismiss for *forum non conveniens*. [DE 52, 53, 54, 56, 57].[1] This wrongful death case arises from the drowning of John Van Hoy, Jr. at the Sandals Royal Bahamian Resort in Nassau, Bahamas. Van Hoy, a resident of Missouri at the time of the accident, died after he was trapped underwater by the suctioning mechanism in the resort's hot tub. Van Hoy's estate, his fiancé Nicole Cleaveland,[2] as well as Van Hoy's parents and his two adopted children – all of whom are also Missouri residents – filed this lawsuit.[3] All Plaintiffs except Nicole Cleaveland asserted negligence claims

---

[1] Before the Court are Pentair Water Pool and Spa, Inc. and Sta-Rite Industries, LLC's Motion to Dismiss ("Pentair Motion") [DE-52]; Sandals Resort International, Ltd.'s Motion to Dismiss ("Sandals Motion") [DE-53]; A.O. Smith Corporation's Motion to Dismiss ("A.O. Smith Motion") [DE-54]; Unique Vacations, Inc. and Hospitality Purveyors, Inc.'s Motion to Dismiss ("Unique Motion") [DE-56]; and Hayward Industries, Inc.'s Motion to Dismiss ("Hayward Motion") [DE-57]. SCP Distributors, LLC filed a Notice of Joinder [DE-55] joining the Pentair, Sandals, and A.O. Smith motions.

[2] Plaintiffs use two alternate spellings for this Plaintiff – "Nichole" and "Nicole." For the sake of consistency, the Court adopts the latter spelling.

[3] The six Plaintiffs are the Estate of John Van Hoy, Jr.; his parents John Van Hoy, Sr. and Myrna Morris; Tyler Van Hoy, Van Hoy's legally adopted son, through his mother Karen Von Aswege, the former wife of the decedent; Nicole Cleaveland; and Cleaveland's son Landon Cleaveland, whom a Missouri probate court declared to be Van Hoy's equitably adopted son in

against Sandals Resort International, Ltd. – a Jamaican corporation which manages the Royal Bahamian – and Unique Vacations, Inc., the booking agent who arranged Van Hoy's trip to the Bahamas.

Furthermore, with the exception of Nicole Cleaveland, Plaintiffs also sued the manufacturers, the distributor, and the exporter of the suctioning mechanism's various component parts.[4]  Specifically, these Plaintiffs asserted strict products liability and negligent manufacture/design claims against the manufacturers, the distributor, and the company that sold the component parts to Sandals.  These Plaintiffs also alleged federal statutory claims under the Virginia Graeme Baker Act ("VGBA"), 15 U.S.C. § 8001 *et. seq.*, and the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 *et. seq.*,[5] only against the alleged manufacturer of the drain cover and the company that sold the hot tub's component parts to Sandals.  These six

---

December 2011.

[4] Plaintiffs focus their claims on the following component parts of the hot tub's filtering system: the pump, the suction outlet drain cover/grate, the pump's motor, the filter, and the suction outlet drain assembly, consisting of the sump, frame, and drain cover/grate.

[5] Section 8003 of the VGBA, provides:

(a) Consumer product safety rule – The requirements described in subsection (b) of this section shall be treated as a consumer product safety rule issued by the Consumer Product Safety Commission under the Consumer Product Safety Act (15 U.S.C. § 2051 *et seq.*).

(b) Drain cover standard – Effective 1 year after December 19, 2007, each swimming pool or spa drain cover manufactured, distributed, or entered into commerce in the United States shall conform to the entrapment protection standards of the ASME/ANSI A112.19.8 performance standard, or any successor standard regulating such swimming pool or drain cover.

15 U.S.C. § 8003.  The CPSA in turn provides injured parties a cause of action for violation of consumer product safety rules.  *See* 15 U.S.C. § 2072.

Defendants are U.S. entities. In addition, Nicole Cleaveland, individually, asserted false imprisonment and negligent infliction of emotional distress claims against Sandals and Unique Vacations, as well as a claim for intentional infliction of emotional distress against Sandals only.

Having carefully reviewed the motions to dismiss, Plaintiffs' response [DE-132][6], Defendants' replies [DE 141, 142, 143, 145, 149], the record, and the applicable law, the motions to dismiss are denied as to all counts except Count IV, Nicole Cleaveland's claim for false imprisonment. With the exception of this claim, Defendants have failed to establish that it would be materially unjust to try this case in the United States.

## I.   Factual Background

### A.   The Accident

The following facts are taken from the Amended Complaint. [DE-37]. On December 28, 2010, John Van Hoy, Jr. was using a hot tub at the Sandals Royal Bahamian Resort in Nassau, Bahamas, where he was vacationing with Cleaveland. At some point, Van Hoy became trapped underwater by the suction outlet at the bottom of the hot tub. Cleaveland, who was near the hot tub at the time, realized that Van Hoy was not coming up for air and jumped into the hot tub to try to rescue him. Cleaveland sought help from several Sandals employees, who allegedly ignored her and walked away. However, other hotel guests apparently joined in the efforts to pull Van Hoy loose from the suction outlet, and were eventually able to free him.

Once outside the hot tub, the guests attempted to resuscitate Van Hoy. Plaintiffs allege that no Sandals employees assisted in the resuscitation efforts, which lasted 25-35 minutes until

---

[6] The Court allowed Plaintiffs leave to file a single omnibus response to Defendants' motions to dismiss. [DE-131].

medical emergency personnel arrived at the scene.  Plaintiffs further allege that there was no emergency shut-off for the hot tub's suction system, that no Sandals employees helped to remove Van Hoy from the suction outlet, and that no Sandals employees were trained in CPR or other resuscitation methods.  Van Hoy was taken to a nearby hospital, where he was pronounced dead early the next day.  Plaintiffs allege that following Van Hoy's death, Cleaveland was confined to her room and that Sandals' and/or Unique Vacations' employees attempted to disconnect her phone.  Plaintiffs further allege that Sandals and/or Unique Vacations interrogated Cleaveland and "attempted to suggest" that Van Hoy and Cleaveland were responsible for Van Hoy's death.  Am. Compl., ¶ 95.

### B.    The Defendants

The eight named Defendants fall into three general groups, as follows:

### 1.    Resort Defendants

(1) Sandals Resorts International is a Jamaican Limited Liability Company, and was responsible for the maintenance and upkeep of the Royal Bahamian Resort.

(2) Unique Vacations, Inc. is a Delaware corporation with its headquarters in Florida. Unique allegedly served as the travel agent and booked the vacation at the Royal Bahamian for Van Hoy and Cleaveland.

### 2.    Manufacturer Defendants

(3) Hayward Industries, Inc. is a Delaware corporation registered to do business in Florida.  Hayward allegedly designed, manufactured, and/or sold the water pump and suction outlet drain cover in the hot tub.

(4) A.O. Smith Corporation is a Delaware corporation registered to do business in

4

Florida.  A.O. Smith allegedly designed, manufactured, and/or sold the motor for the water pump.

(5) Pentair Water Pool and Spa, Inc. is a Minnesota corporation with its principal place of business in Minnesota, and registered to do business in Florida.  Pentair allegedly manufactured, designed and/or sold the suction drain assembly, including the sump, frame, and suction drain cover for the hot tub.

(6) Sta-Rite Industries, LLC, a Wisconsin company with its principal place of business in Wisconsin, is registered to do business in Florida and maintains an office in Miami, Florida.  Sta-Rite allegedly designed, manufactured and/or sold the filter for the spa.

### 3.     Distributor Defendants

(7) Hospitality Purveyors, Inc. is a Florida corporation with its principal place of business in Miami, Florida.  Hospitality allegedly sold the hot tub's component parts to Sandals.

(8) SCP Distributors, LLC, a Delaware company with its principal place of business in Louisiana, is registered to do business in Florida and has an office in Miami, Florida.  SCP allegedly sold the filtration equipment to Hospitality.[7]

### C.     Procedural Facts

Plaintiffs originally filed their claims in state court on May 12, 2011.  [DE 52-2].  On July 12, 2011, Defendants moved to dismiss the state court case for failure to state a claim or for *forum non conveniens*.  [DE 52-3, 52-4, 52-5, 52-6, 52-7, 52-8].  On December 21, 2011, Plaintiffs filed this action in federal district court.  [DE-1].  On February 21, 2012, before the

---

[7] Plaintiffs named a ninth Defendant, Gordon "Butch" Stewart, in the caption to the Amended Complaint but filed a Notice of Scrivener's Error [DE-39] stating Stewart is not a party to this lawsuit and no claims are alleged against him.

state court held a hearing on the *forum non conveniens* motions, Plaintiffs voluntarily dismissed the state case without prejudice. [DE 52-2].[8]

Plaintiffs filed their 20-count Amended Complaint on May 1, 2012. These claims generally fall into two broad categories: (1) the claims of Van Hoy's estate and survivors (*i.e.* all Plaintiffs except Nicole Cleaveland) against the Resort, Manufacturing, and Distribution Defendants; and (2) the individual claims by Nicole Cleaveland against Sandals and Unique Vacations. Because of the number of parties and the variety of the claims asserted, the Court summarizes these claims separately.

### 1.   Estate and Survivors' Claims

Van Hoy's estate and survivors raise claims against all eight Defendants. As to the Resort Defendants, Plaintiffs allege negligence against Sandals (Count I) and Unique Vacations (Count V). Plaintiffs allege that Sandals and Unique Vacations had a duty to provide a reasonably safe hot tub to its guests and a duty to warn its guests of hidden dangers. Plaintiffs allege that Sandals and Unique Vacations breached this duty by: (1) providing a hot tub that did not include safety features that would have prevented Van Hoy from becoming entrapped underwater; (2) failing to comply with various industry safety standards; (3) providing a drain cover that was known to have previously killed bathers in other resorts, and which was not properly attached to the frame; (4) failing, at the time of the accident, to keep the hot tub's pump/mechanical room accessible to guests and hotel staff; (5) failing to properly inspect the hot tub and surrounding area for dangerous conditions; (6) failing to properly train its employees and

---

[8] Pentair alleges that Plaintiffs did not serve any of the Defendants with notice that they had filed the federal lawsuit until the eve of the February 21, 2012 hearing. Pentair Mot., at 8, n. 2.

staff the hot tub and surrounding area at the time of the accident; (7) failing to provide sufficient and adequate lifesaving equipment; (8) failing to promptly contact emergency personnel; and (9) failing to assist in the rescue and resuscitation efforts after the accident.

As to the Manufacturer Defendants, Plaintiffs allege that Hayward violated the VGBA and CPSA (Count VI) because the drain cover did not comply with industry entrapment protection standards. Plaintiffs also raise strict product liability and negligence claims against Hayward (Counts VII and VIII), A.O. Smith (Counts IX and X), Pentair (Count XI and XII), and Sta-Rite (Counts XIII and XIV). These counts generally allege that the hot tub's pump, the suction outlet drain cover/grate, the pump's motor, the filter, and the suction outlet drain assembly were improperly manufactured and/or designed, resulting in an unreasonably dangerous condition that caused Van Hoy's accident.

Lastly, Plaintiffs make the following claims as to the two Distributor Defendants: violation of the VGBA and CPSA (Counts XV and XVIII) based on the allegation that these Defendants knowingly sold a hot tub grate that did not comply with entrapment protection standards; strict liability (Counts XVI and XIX); and negligence (Counts XVII and XX) based on the allegation that these Defendants distributed the defective pump, drain cover, motor, drain sump assembly, and filtration system installed in the hot tub where Van Hoy was entrapped.

### 2.    Nicole Cleaveland's claims

Nicole Cleaveland asserts three individual claims against the Resort Defendants. Count II is a claim for intentional infliction of emotional distress against Sandals based on the allegation that Sandals employees failed to help her try to rescue Van Hoy prior to his death, and subsequently confined her in her room and insinuated that his death had been his own fault or

hers.  Counts III and IV are claims for negligent infliction of emotional distress and false

imprisonment against Sandals and Unique Vacations, also based on Cleaveland's alleged

confinement in her room following Van Hoy's death.

## II.    Legal Standard

Under the doctrine of *forum non conveniens*, a court may dismiss an action over which it

has jurisdiction when it appears that the convenience of the parties and the interest of justice

weigh in favor of adjudicating the action abroad.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235,

241 (1981); *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983).  The

touchstone of the doctrine is convenience.  *Id.* at 1307.  Dismissal for *forum non conveniens* is

appropriate where:

> (1) the trial court finds that an adequate alternate forum exists which possesses
> jurisdiction over the whole case, including all of the parties;
>
> (2) the trial court finds that all relevant factors of private interest favor the
> alternate forum, weighing in the balance a strong presumption against disturbing
> plaintiffs' initial forum choice;
>
> (3) if the balance of private interests is at or near equipoise, the court further finds
> that factors of public interest tip the balance in favor of trial in the alternate
> forum; and
>
> (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate
> forum without undue inconvenience or prejudice.

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289-90 (11th Cir. 2009).

A defendant invoking *forum non conveniens* bears a heavy burden in opposing a

plaintiff's choice of forum.  *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*,

382 F.3d 1097, 1101-02 (11th Cir. 2004).  This presumption for a plaintiff's choice of forum is

strongest when the plaintiff is a United States citizen.  *Id.* at 1101.  In such cases, the defendant

must present "positive evidence of unusually extreme circumstances and thoroughly convince

[the court] that material injustice is manifest before ousting a domestic plaintiff from this country's courts." *Id.* at 1101-02; *see also Wilson v. Island Seas Investments, Ltd.,* 590 F.3d 1264, 1269 (11th Cir. 2009) ("A defendant invoking forum non conveniens bears a heavy burden in opposing the plaintiff's chosen forum.") (internal quotations omitted).

Moreover, "the relevant forum for purposes of the federal [*forum non conveniens*] analysis is the United States as a whole." *Aldana,* 578 F.3d at 1293. Thus, the presumption in favor of a U.S. citizen's choice of forum is not diminished because the plaintiff chose to sue in a domestic forum other than the forum in which he resides. *Matthews v. Whitewater West Industries, Ltd.,* 2012 WL 1605184, *5 n.4 (S.D. Fla. May 8, 2012).[9] However, courts will give "greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons... and diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage." *Iragorri v. United Technologies Corp.,* 274 F.3d 65, 73 (2d Cir. 2001); *see also Ward v. Kerzner Intern. Hotels Ltd.,* 2005 WL 2456191, * 2, n.3 (S.D. Fla. March 30, 2005) (applying full deference to U.S. citizen's choice of forum in part because there

---

[9] There is a split of authority in this district regarding whether the presumption is lessened when the plaintiff brings suit outside his "home" forum. Compare *Matthews* with *Horberg v. Kerzner Int'l Hotels Ltd.,* 744 F. Supp. 2d 1284, 1989 (S.D. Fla. 2007) ("[A] United States plaintiff's choice of forum may be afforded less deference where the plaintiff is suing outside of his or her home forum.") (citations omitted). Given the Eleventh Circuit's holdings in *SME Racks,* and, more recently, in *Wilson* and *Aldana,* the Court concludes that the presumption should protect a U.S. citizen's right of access to the courts of this country regardless of where in the United States the lawsuit is instituted. *See Larsen v. Kerzner Int'l Hotels Ltd.,* 2009 WL 1759585, at *8 (S.D. Fla. June 19, 2009) ("Much like the jurisdictional national contacts test for actions arising under federal law, forum non conveniens analysis should be addressed on a national level. The presumption should fully and equally apply in such a case.")

was no evidence of forum shopping.).[10]

### III.   Analysis

#### A.   Availability and Adequacy of the Forum

Defendants have the initial burden of establishing that an available and adequate alternative forum exists with jurisdiction over the entire case. *La Seguridad*, 707 F.2d at 1307. "Ordinarily, [the availability] requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 255 n.22 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947)). Defendants assert that they are amenable to process in the Bahamas, and that Bahamian courts are competent to resolve tort claims such as the claims raised here. Pentair Mot., at 3; Hayward Mot., at 6; Unique Mot., at 3-4; A.O Smith Mot., at 8; Sandals Mot., at 2, n. 1. Plaintiffs do not dispute this assertion. Therefore, the Court finds the Bahamas provides an available forum. *See Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1262 (S.D. Fla. 2001).

The next issue is the adequacy of the forum. An adequate forum is one that is "capable of providing some relief for a plaintiff's claims." *Pinder v. Moscetti*, 666 F. Supp. 2d 1313, 1318

---

[10] Pentair urges the Court to afford less deference to Plaintiffs' choice of forum because Plaintiffs' decision to file suit in federal court after nine months of litigating the case in Florida state court was motivated by concerns over a possible unfavorable ruling over Defendants' motion to dismiss for *forum non conveniens*. *See* Pentair Mot., at 11-12. Certainly, the fact that Plaintiffs pursued this action in state court for almost one year before voluntarily dismissing and refiling the case does not reflect well on Plaintiffs' counsel or their respect for the principles of judicial economy and efficiency. *See, e.g.*, Fed. R. Civ. P. 1. However, the Court is not persuaded that Plaintiffs filed this action in federal court in order to obtain a tactical advantage over Defendants. Defendants' submissions contain no showing that the state court ruled against Plaintiffs in matters relating to Defendants' *forum non conveniens* motions prior to Plaintiffs' voluntary dismissal. As this Court found in its Order Denying Defendants' Motion for Stay and Attorneys' Fees, under the present record Plaintiffs' filing and dismissal of the state court action do not "reflect[] forum shopping or vexatious conduct." July 17, 2012 Order [DE-96], at 2.

(S.D. Fla. 2008). "This relief need not be perfect as long as the forum offers some relief." *Id.* It is only in "rare circumstances" where "the remedy offered by the other forum is clearly unsatisfactory," that the alternative forum may be regarded as inadequate. *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Defendants have offered sufficient evidence that the Bahamas would offer some relief for Plaintiffs' claims. *See* Pentair Mot., at 16-17; *see also* Decl. of Frederick R.M. Smith, Ex. C to Pentair Mot. [DE 52-14]. Furthermore, with the exception of the claims brought by Van Hoy's equitably adopted son, Landon Cleaveland, Plaintiffs' response does not dispute that the Bahamas is adequate.[11] *See* Pls.' Resp., at 4-5. Therefore, as to all Plaintiffs except Landon Cleaveland, the Court finds that the Bahamas is an adequate forum.

Regarding Landon Cleaveland's claims, Plaintiffs argue that the courts of the Bahamas do not "recognize equitable adoption and will not give legal effect or credit" to the Missouri court's judgment regarding Landon Cleaveland's equitable adoption. Pls.' Resp., at 5; Decl. Of Michael Ross Scott, Ex. D to Pls.' Resp., [DE 132-4] at 3-4. Defendants do not dispute this claim; in fact, they concede that the Bahamas will not provide any remedy for Landon Cleaveland's claims as Van Hoy's equitably adopted son. *See, e.g.,* Sandals Reply, at 2; Pentair Reply, at 4-5. Therefore, Defendants have failed to establish that the Bahamas would be an adequate forum for Landon Cleaveland's claims. *See Pinder,* 666 F. Supp. 2d at 1318.[12]

---

[11] On December 15, 2011, nearly a year after John Van Hoy's death and seven months after Plaintiffs filed suit in Florida state court, a Missouri court entered a judgment declaring Landon Cleaveland to be Van Hoy's equitably adopted son. *See* Ex. C to Pls.' Resp. [DE 132-3].

[12] Moreover, although the Parties do not address the issue, assuming *arguendo* that the law of the Bahamas applies to this case, Landon Cleaveland's claims would not survive whether the trial is held in the Bahamas or the United States.

### B.    Private Interest Factors

"[I]n considering the private interests of the litigants, some important considerations are: relative ease of access to sources of proof; ability to obtain witnesses; possibility of view of premises, if relevant; and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *La Seguridad*, 707 F.2d at 1307 (quoting *Gilbert*, 330 U.S. at 508). Furthermore, "the presumption in favor of [a U.S. plaintiff's] choice of forum" must be applied as part of the analysis of private interests. *SME Racks*, 382 F.3d at 1102.   The Eleventh Circuit has mandated that, in weighing the private interests, a court examine the contacts between the case and the United States as a whole, and not the Southern District of Florida in particular. *See Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1271 (11th Cir. 2009).   With these standards in mind, the Court turns to an analysis of the private interest factors.

### 1.    Ease of Access to Evidence

Access to sources of proof is the "most important" factor in the analysis of private interests. *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003).   Assessing this access factor involves an analysis of access to proof, the cost of obtaining attendance of willing witnesses, and the availability of compulsory process for attendance of unwilling witnesses. *Id.*   This analysis may require a court to identify the evidence necessary to adjudicate the claims or defenses to the claims. *See id.*   "[T]he court should make a reasoned assessment as to the likely location of such proof." *Id.*

### a.    Witnesses

In evaluating the Parties' competing lists of witnesses, the Court must analyze both the quantity and quality of the evidence, which requires a consideration of how each piece of

12

evidence relates to the legal claims and defenses at issue in the case. *See id.* Defendants argue that a "significant number" of the key witnesses in this case are located in the Bahamas. *See* Sandals Mot., at 22-25; A.O. Smith Mot., at 12; Hayward Mot., at 8-9; Pentair and Sta-Rite Mot., at 17-18; Unique Vacations Mot., at 2. These witnesses fall into the following categories: (1) current and former Sandals employees; (2) emergency personnel who treated Van Hoy; (3) police officers, resort employees, and other individuals involved in the investigation of the accident; (4) the individuals responsible for the maintenance and upkeep of the hot tub equipment and the area surrounding the hot tub; and (5) the engineers and architects who designed the hot tub.

In its discovery responses in connection with the state court action, Sandals lists 42 specific witnesses whom it contends are relevant to the case. Sixteen are Sandals' guests residing either in the United States or Canada.[13] Of the remaining 26 witnesses, thirteen are *current* Sandals employees, including the following:

- Devon Martin, Security Manager, who responded to the accident scene, coordinated with police and security, and took statements from witnesses.

- Wentworth Roberts, Assistant Manager, who responded to the accident scene, assisted in efforts to remove Van Hoy from the drain, and remained on the scene until Van Hoy was taken away by the ambulance.

- Dennis Black, Shift Engineer, who responded to the accident scene, was present following the accident, and witnessed the resuscitation efforts performed on Van Hoy.

---

[13] The Court does not consider the Canadian witnesses in its *forum non conveniens* analysis because such witnesses are not relevant to the issue of whether a United States or Bahamian forum would be more convenient.

- Jermaine McQueen, Bartender, who assisted in the efforts to remove Van Hoy from the hot tub and remained on the scene.

- Leroy Young, Technician, who responded to the scene and was present afterwards.

See Ex. AA to Pls.' Resp. [DE 132-27], at 3-6.

Additionally, Chester Marshall, Pool and Jacuzzi Technician, Patrick Pennerman, Watersports Employee, and James Wilson, Project Manager, allegedly inspected the hot tub. Ashley Walcott, Sandals Chief Engineer, also assisted in the post-accident investigation. Cornell Moss, Night Auditor, contacted emergency services, while Chrislyn Spence, Concierge Attendant, allegedly witnessed the CPR attempts made on Van Hoy and called for an ambulance. Another current Sandals employee, Chauncey Tynes, Duty Manager, assisted Nicole Cleaveland the day after the accident once she returned to the hotel from the hospital.[14] Lastly, Andy Ferguson was allegedly the Sandals technician on duty at the time of the accident. *See id.*

In addition to its current employees, Sandals also identifies ten *former* employees, contract workers, and other individuals not employed by any of the Defendants or their affiliates. These include: (1) five former Sandals employees who were eyewitness to the incident or were otherwise involved in the rescue, resuscitation, or contact with Bahamian emergency services; (2) two ambulance attendants who took Van Hoy to the hospital; (3) three Bahamian police officers who investigated the incident; (4) two employees of an outside security company; and (5) an employee of a cleaning services company, who was allegedly present at the time of the accident

---

[14] It is unclear on the present record whether this witness is relevant to Nicole Cleaveland's false imprisonment claim.

14

and afterwards. *See id.*

The remaining Defendants also point to additional categories of witnesses that they contend are essential to establishing the claims and defenses in this case, but do not identify these witnesses by name. These witnesses are: Sandals' resort management; other members of the emergency medical team and other emergency personnel, including the medical examiner who provided treatment and performed the autopsy on Van Hoy; local police officers who responded to the distress call or conducted an investigation of the incident; those responsible for the installation, modification, and maintenance of the pool and hot tub area; and Bahamian government officials familiar with the building codes and regulations pertaining to hot tubs like the one installed at the Royal Bahamian.

Plaintiffs offer their own list of 23 liability and damages witnesses allegedly located in the United States. These include:

- Defendant Nicole Cleaveland, who was an eyewitness when Van Hoy was trapped in the hot tub and witnessed the rescue and resuscitation efforts;

- Twelve guests who witnessed the incident and/or assisted in the rescue and CPR efforts;

- Six members of the Miami-Dade County Medical Examiner's Office who assisted in preparing Van Hoy's toxicology report; and

- Plaintiffs Tyler Van Hoy, Landon Cleaveland, Myrna Morris, and John Van Hoy, Sr., who will testify as to damages.

Plaintiffs also list as essential fact witnesses the "corporate representatives and employees" of Hayward, Hospitality, Unique Vacations, Sta-Rite, Pentair, and A.O. Smith, who

will presumably testify as to the manufacture, design, and sale of the component parts of the hot tub's pump assembly, a crucial matter pertaining to Plaintiffs' strict liability and negligent manufacture/design claims.

### b.    Physical evidence

Defendants aver that the relevant physical evidence (*i.e.* the hot tub, grate, drain, drain cover, hot tub filter, pump motor, and pump room) is in the Bahamas. *See, e.g.,* Pentair Mot., at 8; Hayward Mot., at 9.  Defendants contend that "in light of the tort and product liability claims at issue, forensic evidence, and deposition testimony from witnesses, local authorities, emergency medical personnel, and members of the Hotel staff will be the most critical evidence in the case." *Id.*  The list of relevant documents located in either the Bahamas or Jamaica includes: (1) Sandals' corporate records[15]; (2) investigative reports of the emergency response team of the Bahamian police; (3) architectural drawings, designs, and other documents related to the hot tub; (4) engineering drawings and designs for the hot tub and pool; (5) records related to building codes and pool safety; (6) records and findings of security personnel sent to supervise Cleaveland after the incident; (7) records of any other investigating agency regarding the proper design and function of suction pump systems under Bahamian law; and (8) documents concerning the maintenance, condition and repair of the hot tub.

Conversely, Plaintiffs point to documentary and other physical evidence located in the United States, including a video taken by an unidentified guest depicting the lifesaving efforts performed on Van Hoy; the Miami-Dade Coroner's Office Toxicology Report; a pathologist's

---

[15] Given that Sandals' headquarters are in Jamaica, it is also likely that many of these records are in Jamaica.

report; photographs of the hot tub, drain cover, pump house, and other component parts making up the pump assembly; purchase and shipping documents for the Hayward SP 1032B 12 X 12 drain cover; engineering and design drawings for the drain cover and the other component parts; a Consumer Safety Commission report regarding the safety of the drain cover; and Van Hoy's medical and physical records, bank account information, tax returns, work records, and other personal records relevant to the damages claims.

### c.      Weighing the access-to-evidence factors

In weighing the access-to-evidence factors, a Court must look at all contacts between a case and the whole United States. *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1271 (11th Cir. 2009).  This includes a consideration of Plaintiffs' witnesses, as well as the documentary evidence, including documents and records relating to damages.  Based on the foregoing summary, while the location of the critical evidence weighs in Defendants' favor, with the exception of Nicole Cleaveland's false imprisonment claim Defendants have not met their burden of establishing that a material injustice will result if this case is tried in the United States.

As to the witness lists presented by the Parties, Defendants' proposed witnesses are relevant to the claims and potential defenses in this case.  First, given that the negligence claims against Sandals and Unique Vacations are all premised on Sandals' employees' actions at the Royal Bahamian, the testimony of these witnesses is essential to establishing what steps Sandals took in connection with the installation and maintenance of the hot tub and Sandals' actions during and after the accident.  Some of the listed witnesses are solely relevant to Nicole Cleaveland's infliction of emotional distress and false imprisonment claims, which are limited exclusively to the actions of Sandals' employees at the Royal Bahamian resort and have no

connection to the Manufacturer and Distributor Defendants.

The same is true for the Bahamian medical respondents, whose testimony may be relevant to Plaintiffs' allegation that Sandals did not assist in the rescue and resuscitation efforts and failed to promptly contact emergency personnel. *See* Am. Compl., ¶ 116, w, x.  Similarly, the testimony of the police officers who investigated the accident scene and prepared a report may be relevant to understanding the events and circumstances leading up to Van Hoy's death, including the layout of the hot tub and the surrounding area.

At the same time, the United States witnesses – including Nicole Cleaveland, Defendants' U.S. employees, and the hotel guests who witnessed the accident or assisted in the rescue and resuscitation efforts – weigh in Plaintiffs' favor.  Three of these witnesses – Susana Bowling, Kevin Moran, and Steven Calitri – allegedly played a leading role in the lifesaving efforts performed on Van Hoy before the medical respondents arrived.  A fourth witness, Royal Bahamian guest Christine Moran, allegedly stayed with Nicole Cleaveland as others tried to revive Van Hoy and observed the actions of Sandals' employees in the aftermath of the accident.

Taken together, the Court concludes that the number and significance of the witnesses in the Bahamas and the United States are almost at equipoise, except for the false imprisonment claim.  First, although the number of named witnesses is roughly equal between Defendants (26) and Plaintiffs (23), Defendants' witnesses are relevant to a greater number of claims.  These witnesses include Sandals' employees and outside contractors, police investigators, medical respondents, and hotel guests.  Plaintiffs' list of witnesses is limited to Van Hoy's relatives and other eyewitnesses who were not involved in the installation, maintenance, and upkeep of the hot tub and are therefore irrelevant to the products liability and negligence claims against the

Manufacturing and Distributor Defendants.  On the other hand, the employees of the Manufacturer and Distributor Defendants, all of whom are in the United States, are crucial to the products liability, negligent manufacturing, and statutory claims.  Although Plaintiffs do not specify the number and identity of these witnesses, assuming that one witness testifies for each of these Defendants, then there are potentially seven additional U.S. witnesses who may testify as to the design, manufacture, and sale of the hot tub's component parts.[16]  As such, with the exception of Nicole Cleaveland's false imprisonment claim, the location of the witnesses does not significantly support trying this case in the Bahamas.

Nonetheless, the location of the physical evidence favors Defendants.  This case involves products liability and negligent design/manufacture claims against the Defendants who manufactured and sold the hot tubs component parts, and Plaintiffs' negligence claim against Sandals is premised in part on Sandals' failure to install a properly designed suction drain system.  As such, the inspection of the hot tub's components by the Parties is crucial.

Another relevant factor is the relative cost and ability of the Parties to obtain the evidence.  If the trial were to be held in Miami, all Parties would have to incur the costs of transporting witnesses and documents from other parts of the United States and the Bahamas to Miami.  If the trial takes place in the Bahamas, Defendants would not need to transport and board any of the key liability witnesses, and the cost of transporting the remaining witnesses from the United States to the Bahamas, as opposed to Miami, would not be significantly greater.  As such, this factor supports Defendants' position. *See Larsen*, 2009 WL 1759585, at *8 (noting that in

---

[16] It is undisputed that the hot tub's component parts were manufactured, designed, and put into commerce in the United States.

the balance of burdens the fact that an out-of-state resident has to travel regardless of where the forum is located may weigh against her). However, given that (1) thirteen of Defendants' witnesses are current Sandals employees which Sandals can compel to attend trial in the United States, and (2) Miami and the Bahamas are in close proximity to each other, Defendants have not established that transporting and boarding these witnesses would constitute an "unusually extreme circumstance." *SME Racks,* 382 F.3d at 1101-02.

Next, the Court turns to the Parties' relative ability to secure the attendance of unwilling witnesses through the use of compulsory process. Because "the presentation of live testimony is essential to a fair trial," a forum's relative ability to compel the attendance of unwilling witnesses is an important factor in the *forum non conveniens* analysis. *Perez-Lang v. Corporacion de Hoteles, S.A.,* 575 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008); *see also Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1430 (11th Cir. 1996) ("the unavailability of compulsory process to secure attendance of [foreign] witnesses in a court in this country" weighs in favor of dismissal). Based on its discovery responses, it appears that Sandals does not know where two of its former employees – General Manager Koen De Rijcke and Antonio Johnson – reside. *See* [DE 132-27], ¶ 6. Another former employee, Arool Major, is described as having "[u]nknown information," and may therefore be irrelevant to this case. *Id.* The two remaining former employees are described as having "[a]ttended to the couple prior to the incident" or being "[p]resent at the scene." *Id.* Defendants provide no specifics as to how the testimony of these witnesses is material to the claims and defenses asserted in this case, or, more importantly, why any of the five current employees also identified as having been present at the scene of the accident cannot testify as to these matters.

In addition, Defendants have not shown that they would be unreasonably burdened in obtaining the testimony and documents of Sandals' former employees, the ambulance attendants, the Bahamian police investigators, and other third-party witnesses. Nowhere in Defendants' papers is there any indication that these witnesses would be unwilling to travel to the Southern District of Florida to testify in this matter. Moreover, even assuming that some of these witnesses refuse to travel outside of the Bahamas, Defendants have not carried their burden of establishing that their live testimony is necessary or that the necessary evidence could not be obtained through videotaped depositions, letters rogatory, or another similar procedure. *See Ward*, 2005 WL 2456191, at *4.[17] Thus, on balance, while the access to evidence factors support Defendants' position on all claims except for Count IV, they do so only slightly and do not establish that a material injustice would result if this case is tried in the United States.

### 2.   View of the Premises

Defendants argue that a view of the premises in this case would be appropriate and useful in understanding how Van Hoy's accident occurred and whether any of the Defendants were negligent. *See, e.g.*, Pentair Mot., at 21-22; Sandals Mot., at 28; Hayward Mot., at 12-13. In particular, Defendants emphasize that the components of the hot tub, including the spa, drain, pipes, emergency shut-off switch, and all other physical evidence of the accident is in the Bahamas and that viewing the premises would be appropriate in this action. *Id.* Plaintiffs respond that the hot tub and its components have been materially altered since the night of the accident and that the accident scene can be appropriately described to a jury through

---

[17] Obviously, if this case were to be tried in the Bahamas, the Parties would face similar difficulties to obtain the testimony and documents of witnesses based in the United States.

photographs, sketches, and diagrams.  Pl.'s Resp., at 32-33.

In their reply, Defendants fail to address Plaintiffs' response – they offer no argument as to why the use of photographs and diagrams would be inadequate to capture the accident scene, and, most importantly, they do not address Plaintiffs' contention that the hot tub and its surroundings have been altered since the accident.  Because "[D]efendants have not met their burden in showing why the ... conditions" of the hot tub and the pump room "cannot be sufficiently presented to the jury through photographs," this factor does not add any weight to their position. *Matthews*, 2012 WL 1605184, *9 (citations omitted); *see also Campbell v. Starwood Hotels & Resorts Worldwide, Inc.*, 2008 WL 2844020, at *6 (S.D. Fla. July 23, 2008) (noting that "since there is no right to a jury trial in a civil case in the Bahamas, there is no compelling argument to be made ... that a jury needs to view the scene," and then concluding that "[b]ecause the accident scene can be adequately described and presented to the jury through photographs in ... [a Florida] [c]ourt, just as it could be in a Bahamian court, th[e] [view of premises] factor does not weigh in favor of the Bahamian forum").

### 3.   All Other Practical Problems Preventing the Trial from Being "Easy Expeditious, and Inexpensive"

Another private interest factor for the Court to consider is the Defendants' ability to implead other potentially liable third parties. *See Morse v. Sun Intern. Hotels, Ltd.*, 2001 WL 34874967, at *4 (S.D. Fla. Feb. 26, 2001) (citing *Piper Aircraft*, 454 U.S. at 259–60).  The Court looks "to the various theories of recovery in order to determine whether the joinder of [a] potential third-party is in fact crucial to the defendant's case, and also to assess whether separate trials in different forums will require duplication of proofs or create the possibility of inconsistent verdicts." *Sun Trust*, 184 F. Supp. 2d at 1264.

Sandals asserts that its inability to implead "other foreign parties" located outside of Florida is a factor that weighs in favor of dismissal. Sandals Mot., at p. 28. However, Sandals does not identify these potential third-parties or specify whether they are located in the Bahamas, the United States, or another country. Furthermore, Sandals does not explain why its inability to implead these yet-to-be-identified third parties would be crucial to its case. Plaintiffs' case against Sandals concerns the negligent or intentional actions of Sandals' employees before, during, and following Van Hoy's drowning. The other entities involved in the design and construction of the hot tub's component parts – all of whom are in the United States – are already parties to this action. Therefore, because Sandals has failed to carry its burden as to this factor, the Court does not give it any weight in its consideration of the private interest factors.

Conversely, Plaintiffs argue that they would face significant costs if required to prosecute this case in the Bahamas because Bahamian law does not allow for contingency fee arrangements and two of the Plaintiffs are minors who are not financially able to maintain this case in the Bahamas. *See* Pls.' Resp., at 35. The Eleventh Circuit has held that "financial hardship is...a factor to be considered in the balancing of interests that bear on convenience." *Wilson*, 590 F.3d at 1271-72 (citation omitted). However, this argument is "particularly weak in regard to contingency fees," and does not "significantly influence the *forum non conveniens* determination." *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1430 (11th Cir. 1996). Thus, this factor offers only moderate support for Plaintiffs' position.

### 4.    Balancing the Private Interest Factors

Based on the foregoing, the private interests factors weigh slightly in favor of dismissal. Nonetheless, the Eleventh Circuit has mandated that "the presumption in favor of [a U.S.

23

plaintiff's] choice of forum...is to be applied specifically when weighing the private interests." *SME Racks*, 382 F.3d at 1102. This presumption requires a defendant to present "positive evidence of unusually extreme circumstances" sufficient to convince the Court that a "material injustice is manifest" before denying a U.S. citizen access to the courts of his country. *Id.* Defendants have failed to offer sufficient evidence to rebut this significant presumption, and therefore have not met their burden of persuasion. None of the Defendants in this case are Bahamian entities – Sandals is a Jamaican corporation, and seven of the remaining Defendants are U.S. entities. Much of the crucial evidence relating to these Defendants – most notably the employees who participated in manufacturing and designing the suction system's component parts and the documents describing these designs – is in the United States. Therefore, after balancing the private interest factors and accounting for the strong deference accorded to Plaintiffs' choice of forum,  the Court finds that the private interest factors support retaining jurisdiction for all counts except Count IV.

     **C.    Public Interest Factors**

     Although private interest factors are "generally considered more important than the public factors, the better rule is to consider both factors in all cases." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6.

### 1.      Administrative Congestion

With respect to Defendants' administrative congestion argument, the proper emphasis of the public interest factor analysis is on the home forum, and "the fact that the Southern District of Florida has one of the busiest dockets in the United States is entitled to little or no weight in the analysis.'" *Campbell*, 2008 WL 2844020, at *8.  Based on the foregoing, the Court finds that although this public interest factor favors Defendants, it adds little weight to the analysis.

### 2.      Burdens Associated with Jury Duty and Application of Foreign law

The Eleventh Circuit has long held that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *SME Racks*, 382 F.3d at 1101.  However, the burden of jury duty is "a lesser weighted factor." *Matthews*, 2012 WL 1605184, *12.  Here, two of the Defendants are domiciled in Florida – Hospitality is a Florida corporation with its principal place of business in Miami, and Unique Vacations' headquarters are also in Florida.  Except for Sandals, all of the remaining Defendants are registered to do business in Florida.  Thus, all but one Defendant have a connection to Florida.

Further, because of the similarities between Bahamian law and Florida law, the weight of the foreign law factor is also substantially mitigated. *See Ward,* 2005 WL 2456191, *5 ("[F]ederal courts are often required to decide issues of foreign law....Moreover, there are no language barriers to the court's understanding of Bahamian law, and Bahamian law is derived from English common law and is similar to Florida law.").

### 3.      The Sovereign Interests

Defendants urge the Court to conclude that the Bahamas has the most significant interests in this dispute.  As a general matter, as part of the *forum non conveniens* analysis "federal

courts...do not focus on the connection between the case and a particular state, but rather on the connection of the case to the United States as a whole." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1303 (11th Cir. 2002).  Eleventh Circuit precedent is "clear that '[t]here is a strong federal interest in making sure that plaintiffs who are United States citizens generally get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction.'" *SME Racks, Inc.*, 382 F.3d at 1104.  Here, the interests of the United States are strong given that all Plaintiffs are U.S. citizens and seven out of eight Defendants are U.S. entities.  Sandals, the sole foreign party to this case, is a Jamaican company.

Moreover, apart from Nicole Cleaveland's claims, this is not a case where the tortious conduct occurred entirely in the Bahamas. *Cf. Morse*, 2001 WL 34874967, at *1 (case involving Bahamian hotels' allegedly negligent selection and supervision of the vendors who operated recreational water sports activities on the beach); *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, 2008 WL 4186979, at *1 (S.D. Fla. Sept. 5, 2008) (case involving the allegedly negligent operation of a boat in the Bahamas).  This case concerns conduct alleged to have occurred in large part within the United States – namely, the manufacture, design, and sale of defective hot tub components.  While the allegations as to Sandals address conduct that occurred in the Bahamas, they concern the actions of a Jamaican entity.[18]  The two connections between this dispute and the Bahamas are that Van Hoy's accident took place in a resort located in the Bahamas and all of the actions forming the basis of Nicole Cleaveland's claims occurred in the

---

[18] Notably, "the United States has an interest in providing its citizens with a forum to seek redress for injuries caused by foreign defendants," such as Sandals. *Sun Trust*, 184 F. Supp. 2d at 1266.

Bahamas.[19]  Thus, while the Bahamas may have an "interest in adjudicating claims that arose

from the tourism activities" in its territory, *see Beaman v. Maco Caribe, Inc.,* 790 F. Supp. 2d

1371, 1380 (S.D. Fla. 2011), this interest is comparatively weak relative to the Unites States'

interests in ensuring that its citizens are not harmed by defective hot tub components.

**4.       Balancing the Public Interest Factors**

Overall, the public interest factors support retaining jurisdiction over all Plaintiffs' claims

excluding Nicole Cleaveland's false imprisonment claim, which pertains to conduct that took

place entirely in the Bahamas and has nothing to do with the functioning of the hot tub.[20]

Although Defendants' concerns over the burdens associated with Court congestion, jury duty,

and the application of foreign law weigh in their favor, they are minimal compared to the United

States' interests in protecting its citizens from potentially defective hot tub components that were

designed, produced, and sold within the United States by United States companies.  Furthermore,

the Bahamas' stake in the just and efficient resolution of lawsuits against defendants incorporated

in the Bahamas is irrelevant because this case does not involve any parties from the Bahamas.  In

short, Defendants have failed to carry their burden of persuasion on any of the claims except

those in Count IV.

---

[19] The cases Defendants cite in support of the Bahamas' interest in this litigation are inapposite because all of them involved instances in which at least one of the parties was a resident of an alternative forum. *See, e.g., Morse,* 2001 WL 34874967, *1 (all six Defendants were Bahamian companies).

[20] Other than Nicole Cleaveland, all witnesses and documentary evidence relevant to the false imprisonment claim are in the Bahamas.  As pled, this is a discrete claim and separate and apart from the other claims.  Thus, it would be more convenient to try this claim in the Bahamas, and materially unjust to require Sandals and Unique Vacations to defend the claim here.

**IV.    Conclusion**

Defendants have not thoroughly convinced the Court a material injustice will result if this

action, with the exception of Nicole Cleaveland's false imprisonment claim, proceeds in this

forum.  As such, taking into consideration the relevant private and public interest factors, it is

ORDERED that:

1.      Defendant Pentair Water Pool and Spa, Inc. And Sta-Rite Industries, LLC's

Motion to Dismiss [DE-52] is DENIED.

2.      Defendant Sandals Resort International, Ltd. Motion to Dismiss [DE-53] is

GRANTED as to Count IV of the Amended Complaint and is otherwise DENIED.

3.      Defendant A.O. Smith Corporation's Motion to Dismiss [DE-54] is DENIED.

4.      Defendant Unique Vacations, Inc. and Hospitality Purveyors, Inc.'s Motion to

Dismiss [DE-56] is GRANTED as to Count IV of the Amended Complaint and is otherwise

DENIED.

5.      Defendant Hayward Industries, Inc.'s Motion to Dismiss [DE-57] is DENIED.

6.      Count IV of the Amended Complaint is DISMISSED on *forum non conveniens*

grounds.

7.      The Parties shall file an amended joint scheduling report pursuant to the Order

Requiring Joint Scheduling Report [DE-34] on or before **April 15, 2013**.

DONE and ORDERED in Miami, Florida, this 22nd day of March, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record