UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24580-CIV-SEITZ/O'SULLIVAN

JOHN VAN HOY, et al.,
    Plaintiffs,

v.

SANDALS RESORTS
 INTERNATIONAL, LTD., et al.,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court following an informal discovery conference held before the undersigned on November 26, 2013.

Documents prepared in anticipation of litigation are protected by the work product doctrine. Litigation need not be imminent for documents to be afforded work product protection. See United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981);[1] Briggs & Stratton Corp. v. Concrete Sales & Service, 174 F.R.D. 506, 508 (M.D. Ga. 1997). Moreover, the documents need not be created by an attorney to fall within the work product purview. Briggs & Stratton, 174 F.R.D. at 508.

The subject statements were obtained primarily in anticipation of litigation. Counsel for Sandals has instituted procedures to be followed in the event of an accident on their properties. It is reasonable to anticipate litigation for an accident that resulted in the death of a resort guest. The subject statements are therefore protected.

The work-product privilege is not an absolute privilege, however. Production of work-product documents may be required where a party can show that they have a

---

[1] Davis remains binding in the Eleventh Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981).

substantial need for those documents, and that it would prove an undue hardship for them to obtain the necessary information by any other means. See Fed. R. Civ. P . 26.

In this case, that plaintiff has failed to show a substantial need or an undue burden regarding the subject statements. The plaintiff has not made sufficient efforts to obtain the information contained within the subject statements by other means. Although the plaintiff did write to the Canadian guests from which Sandals took statements, and the plaintiff did not receive a response from any of those guests, the plaintiff has failed to employ any other methods in an attempt to obtain the information contained in the subject statements.

Accordingly, having held a hearing in this matter and for the additional reasons stated on the record, it is

ORDERED AND ADJUDGED that the plaintiff's request to obtain the subject statements is DENIED without prejudice to renew. It is further

ORDERED AND ADJUDGED that depositions shall be scheduled to ensure that lead counsel for a party will be present for the 30(b)(6) witness of that party and for any other critical witnesses that relate to that party. Lead counsel's unavailability for other depositions need not be considered in scheduling those depositions.  It is further

ORDERED AND ADJUDGED that on or before December 3, 2013, counsel for all the parties shall confer and create a deposition schedule for the next six (6) months.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 27th day of November, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Seitz
All Counsel of Record