UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24580-CIV-SEITZ/SIMONTON

JOHN VAN HOY, SR., *et al.*,

    Plaintiffs,

v.

SANDALS RESORTS INTERNATIONAL, LTD., *et al.*,

    Defendants.

_____/

## ORDER DENYING IN PART DEFENDANTS' CHOICE-OF-LAW MOTIONS AND APPLYING FLORIDA LAW

This matter is before the Court on Defendants Pentair Water Pool and Spa, Inc. and Sta-Rite Industries LLC's Motion to Determine Choice of Law [DE-173] and Defendant Sandals Resort International, Ltd.'s Motion to Determine Choice of Law [DE-179]. This wrongful death case arises from the drowning of John Van Hoy, Jr. in the Bahamas. Defendants seek a ruling that Bahamian law applies to Plaintiffs' claims for negligence, products liability, and infliction of emotional distress. In response, Plaintiffs argue that Missouri bears the most significant relationship to this case, and that the laws of that state should govern.

The Court has reviewed the motions, Plaintiffs' Omnibus Response [DE-188], Defendants' replies [DE 192, 193], the record, and the applicable law that was provided. Because Defendants have not met their burden to establish that Bahamian law conflicts with that of Florida and Missouri, their motions are denied.[1] Florida law, the law of this forum, will govern this case because Florida has a more significant relationship than Missouri pursuant to the

---

[1] Also before the Court are two Notices of Joinder in Pentair's motion, filed by the remaining Defendants, *see* [DE-175, 176], which the Court construes as motions to join. These motions are granted.

choice-of-law factors set forth in the Restatement (Second) of Conflict of Laws.

I.  **Procedural Background**

John Van Hoy, Jr. died after being entrapped by the single-suction mechanism in a hot tub at the Royal Bahamian Resort in Nassau, Bahamas. Van Hoy's estate, his parents, adopted son, fiancée, and equitably adopted son filed a 20-count complaint against several groups of Defendants to recover compensatory and punitive damages due to his death. Plaintiffs sued Sandals Resorts International, which maintained the Royal Bahamian, and Unique Vacations, which was Van Hoy's travel agent. They also sued four manufacturers of the suction mechanism's component parts: Hayward Industries, A.O. Smith Corporation, Pentair Water Pool and Spa, Inc., and Sta-Rite Industries, LLC[2] (the "Manufacturer Defendants"). Finally, they sued two vendors and distributors of those parts, Hospitality Purveyors and SPC (the "Distributor Defendants").

Plaintiffs allege negligence claims against Sandals (Count I) and Unique Vacations (Count V) arising from Defendants' conduct in connection with the hot tub's safety and the events surrounding Van Hoy's death. As to the Manufacturer Defendants, Plaintiffs allege that Hayward violated the Virginia Graeme Baker Act ("VGBA"), 15 U.S.C. § 8001 *et. seq.*, and the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 *et. seq.* (Count VI) because the drain cover did not comply with industry entrapment protection standards. Plaintiffs also raise strict product liability and negligence claims against all four manufacturers – Hayward (Counts VII and VIII), A.O. Smith (Counts IX and X), and Pentair (Count XI and XII). These counts generally

---

[2] On December 6, 2013, Plaintiffs notified the Court that they have settled their claims against Sta-Rite. *See* [DE-226]. This settlement does not alter the outcome of the Court's choice-of-law analysis.

2

allege that the hot tub's pump, the suction outlet drain cover/grate, the pump's motor, the filter, and the suction outlet drain assembly were improperly manufactured and/or designed, resulting in an unreasonably dangerous condition that caused Van Hoy's accident.

Plaintiffs also assert six claims against the Distributor Defendants: violation of the VGBA and CPSA (Counts XV and XVIII) based on the allegation that these Defendants knowingly sold a hot tub grate that did not comply with entrapment protection standards; strict liability (Counts XVI and XIX); and negligence (Counts XVII and XX) based on the allegation that these Defendants distributed the defective pump, drain cover, motor, drain sump assembly, and filtration system installed in the hot tub where Van Hoy was entrapped.

Nicole Cleaveland asserts three claims against Sandals and Unique Vacations. Counts II and III assert claims for intentional and negligent infliction of emotional distress against Sandals and Unique Vacations, alleging that Sandals employees failed to help her try to rescue Van Hoy prior to his death and insinuated that his death had been his own fault or hers.[3] Count IV asserted a false imprisonment claim against Sandals and Unique Vacations based on Cleaveland's alleged confinement in her room following Van Hoy's death. The Court dismissed this claim on *forum non conveniens* grounds. *See* Omnibus Order [DE-158].

In their choice-of-law motions, Defendants adopted by reference the same expert declarations submitted in support of their previous motions to dismiss for *forum non conveniens*. *See* Decl. of Frederick R. M. Smith [DE 52-14]; Decl. of Elliott B. Lockhart [DE 53-1]. Defendants did not give the Court copies of the Bahamian wrongful death statute – much less

---

[3] Interestingly, the "wherefore" clauses of both Counts II and III seek damages only against Sandals.

3

even a citation to the statute – or of the two Bahamian cases cited in these declarations (both addressing issues of liability), nor did they provide any policy considerations underlying the Bahamas' wrongful death statute. The Parties do not argue that a conflict exists as to the elements of Plaintiffs' negligence and products liability claims under the laws of the three interested sovereigns – Florida, the Bahamas, and Missouri. Instead, the conflicts-of-law dispute concerns the categories of damages that can be recovered under each sovereign's wrongful death statute, as well as who is entitled to recover these damages.

## II. Legal Standard

Plaintiffs' state law claims are before the Court on diversity grounds, 28 U.S.C. § 1332. *See* Am. Compl., ¶ 66. Thus, the Court must apply the conflict-of-law rules of the forum state, Florida. *Grupo Televisa, S.A. v. Telemundo Communications Group, Inc.*, 485 F.3d 1233 (11th Cir. 2007). Wrongful death claims were not recognized under the common law. They are creatures of statutory law. Each of the three sovereigns at issue has a wrongful death statute. Florida has adopted the "significant relationships test" of the Restatement (Second) of Conflict of Laws (1971) to determine which jurisdiction's laws should apply in cases such as this. *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999 (Fla. 1980).[4]

In wrongful death cases, "the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the

---

[4] Federal common-law conflict-of-laws rules dictate that the Restatement (Second) of Conflict of Laws should determine which conflict-of-laws rules should be applied to a particular case. *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1296 n. 19 (11th Cir. 1999). Thus, the same rules apply to both the state common law and the federal VGBA claims.

4

parties, in which event the local law of the other state will be applied." Rest. § 175. This rule applies where, as here, the conflict of laws involves the issue of damages. *See id.*, § 178. In these circumstances, the Eleventh Circuit has held that the "preference for the state in which the injury occurred all but disappears...." *Piamba Cortes*, 177 F.3d at 1297. Courts are directed to apply the same principles that control the selection of the law applicable to personal injury claims, *see* Restatement § 146, which include the general principles specific to tort claims set forth in section 145. *See* Rest. § 175 cmt. a; *Piamba Cortes*, 177 F.3d at 1297. Because "no rigid rules exist for resolving conflict-of-laws problems in wrongful death actions governed by the Restatement," the Court must examine the interests created by the facts and circumstances of each case. *Id.*

Pursuant to these principles, the first step of the choice-of-law analysis is to determine which sovereigns have an interest in applying their laws to this litigation.[5] Next, the Court must consider whether there is a "true conflict" among the jurisdictions with an interest in a particular

---

[5] In tort cases, the sovereign's interests are determined pursuant to Restatement section 145(2), which provides:

> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred;
>
> (b) the place where the conduct causing the injury occurred;
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

5

issue. *See Tune v. Philip Morris, Inc.*, 766 So.2d 350 (Fla. 2d DCA 2000). A court need only undertake a complete choice of law analysis if a true conflict exists. *Id.* A "false conflict" exists when "the laws of different states are (1) the same, (2) different but would produce the same outcome under the facts of the case, or (3) when the policies of one state would be furthered by the application of its laws while the policy of the other state would not be advanced by the application of its laws." *Id.*

Once the Court has identified a true conflict between two or more interested sovereigns, it turns to the final step of the choice-of-law analysis – applying the factors in Restatement section 6 to identify which sovereign's interests are more significant.[6] For wrongful death claims, this part of the analysis turns in large part on the balance of competing interests contemplated by sections 6(2)(b) and 6(2)(c), which involves three steps: (1) identifying the particular rule of law to be applied by each interested sovereign; (2) identifying the purposes or policies underlying each state's rule; and (3) assessing the degree to which the purposes underlying each rule would be furthered by the rule's application. *Piamba Cortes*, 177 F.3d at 1299 (citations omitted). Generally, "the state whose [policy] interests are most deeply affected should have its local laws applied." *Id.*

---

[6] These factors include:

>(a) the needs of the interstate and international systems;
>(b) the relevant policies of the forum;
>(c) the relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue;
>(d) the protection of justified expectations;
>(e) the basic policies underlying the particular field of law;
>(f) certainty, predictability and uniformity of result; and
>(g) ease in the determination and application to the law to be applied.

### III. Analysis

#### A. The Bahamas, Florida, and Missouri have an interest in this litigation.

Although none of the Parties is a Bahamian citizen, the Bahamas has an interest in this litigation because the death giving rise to Plaintiffs' claims occurred in the Bahamas. Similarly, all of the alleged conduct by Sandals, and a significant portion of the alleged conduct by Unique Vacations, also took place in the Bahamas. Missouri has an interest in this litigation because Van Hoy and all Plaintiffs are Missouri residents. In addition, according to Plaintiffs, Sta-Rite, Hayward, A.O. Smith, and SCP are registered to do business in Missouri. Resp., at 6. Sandals also has business ties with Missouri because it advertises there. *Id.*

Florida's interest in this litigation stems from the fact that Hospitality Purveyors is a Florida corporation and, along with Unique Vacations, has its principal place of business in Miami-Dade County, Florida. Further, although neither Sandals nor the Manufacturing Defendants have their principal place of business in Florida, each is registered and conducts some business in Florida. Sandals also maintains a sales office in Florida.[7] Florida also has an interest as the jurisdiction where Plaintiffs chose to file this lawsuit. Thus, the Bahamas, Florida, and Missouri all have an interest in applying their respective wrongful death laws to this dispute.

#### B. Defendants fail to meet their burden of establishing a conflict between the laws of the Bahamas and Florida and Missouri law.

Defendants filed the two expert declarations on Bahamian law, *see* [DE 52-14; 53-1], to

---

[7] Other than Unique Vacations and Hospitality Purveyors, none of the Defendants is incorporated or has its principal place of business in the Bahamas, Missouri, or Florida. The remaining Defendants are incorporated or have their principal place of business in New Jersey, Delaware, Wisconsin, and Minnesota. The Parties argue only for the application of Bahamian, Missouri, or Florida law. As such, the Court does not address the interests of other jurisdictions.

demonstrate that Plaintiffs' claims are recognized and available in the Bahamas. These declarations fail to show any conflict between Bahamian law and the laws of either Missouri or Florida. Moreover, the description of the elements of Plaintiffs' negligence and products liability claims in the declarations is focused on liability issues rather than on the damages available under the Bahamas' wrongful death statute, the crux of the Parties' conflicts-of-law dispute.

Additionally, Defendants' declarations do not provide any evidence of a conflict as to Nicole Cleaveland's intentional and negligent infliction of emotional distress claims. Furthermore, the declarations contain only a passing reference that Van Hoy's equitably adopted son Landon Cleaveland's claims would not be recognized under Bahamian law, and provide no policy reasons underlying this principle.

A district court is not required to conduct its own research into the content of foreign law. *Mutual Services Insurance, Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1321 (11th Cir. 2004). Rather, the burden is on Defendants, as the moving party, to establish the existence of a conflict. Rest., § 136 cmt. f (1971). Defendants failed to satisfy this burden. Therefore, the Court will focus its choice-of-law analysis on Florida and Missouri law.

C. **The choice-of-law analysis supports the application of Florida law.**

1. **The record shows a partial conflict between Missouri and Florida law.**

Plaintiffs urge the Court to apply Missouri law because that state has a more significant connection with this case than Florida. Plaintiffs contend that Missouri's wrongful death statute, Mo. Rev. Stat. §§ 537.080 & 537.090, provides for more generous damages to Plaintiffs than Florida's Wrongful Death Act. *See* Fla. Stat. §768.16, *et. seq.* In particular, Plaintiffs argue that, in contrast to Florida law, Section 537.090 of Missouri's wrongful death statute would allow: (1)

Van Hoy's parents to recover damages beyond funeral expenses; (2) Plaintiffs to recover for damages incurred by Van Hoy prior to his death, including medical expenses and pain and suffering; and (3) Van Hoy's equitably adopted son Landon Cleaveland to recover damages. *See* Resp., at 10-11. Upon examination of the record, only the second item presents a true conflict.

Contrary to Plaintiffs' assertions, Florida law allows the parents of a decedent to recover for the "value of lost support and services [and] future loss of support and services." *Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1299 (11th Cir. 1999). Although Florida's Wrongful Death Act would not allow Van Hoy's parents to recover for their mental pain and suffering because Van Hoy was an adult at the time he died, *see* Fla. Stat. § 786.21(4), they could potentially recover damages beyond funeral expenses. Furthermore, Plaintiffs provide no authority, and the Court has found none, regarding whether Missouri law would allow Plaintiffs to recover for mental pain and suffering arising from Van Hoy's death.[8]

However, a conflict exists regarding a potential recovery for Van Hoy's pain and suffering prior to his death. Florida's Wrongful Death Act was enacted in part "to eliminate the claim for pain and suffering of the decedent from the time of injury to the time of death, and substitute instead a claim for the pain and suffering of the survivors." *Kaufman v. Herrman*, 748 So.2d 310, 311 (Fla. 4th DCA 1999) (internal citation omitted).[9] Missouri law, however, allows for the recovery of "survivorship damages incurred by the decedent before death, such as medical

---

[8] Section 537.090 of Missouri's wrongful death statute provides that "damages for grief and bereavement" are not recoverable. If there are other forms of damages for mental pain and suffering available to Plaintiffs under Missouri law, Plaintiffs have not met their burden of providing the Court with the authority supporting such damages.

[9] Florida allows for the recovery of medical expenses "due to the decedent's injury or death...by a survivor who has paid them." Fla. Stat. § 786.21

9

expenses *and pain and suffering....*" *Powell v. American Motors Corp.*, 834 S.W.2d 184, 186 (Mo. 1992) (emphasis added). As such, Plaintiffs have established a true conflict of law between Missouri and Florida law.

As to the claims of Van Hoy's equitably adopted son, the evidence of a true conflict is insufficient. In Florida, the doctrine of equitable adoption is "judicially created and used in intestacy proceedings to enforce an oral or written agreement to adopt in order to establish the adopted child's rights of inheritance." *Jolley v. Seamco Laboratories, Inc.*, 828 So.2d 1050, 1051 (Fla. 1st DCA 2002). Thus, a child who is equitably adopted in Florida does not have a right of action under the state's Wrongful Death Act. *Id.* However, as Plaintiffs point out, this does not mean that Landon Cleaveland, who was adjudicated as equitably adopted by a Missouri court, would not be able to participate in a wrongful death case decided under Florida law concerning the death of a Missouri resident. *See* Resp., at 11 n.5. Plaintiffs have not established that Landon Cleaveland would be precluded as a matter of law from bringing his wrongful death claims under Florida law. As such, they have not met their burden of showing that a true conflict exists on this issue.

> 2. **Florida has a more significant relationship to this case than Missouri.**
>
> > a. **Balancing the Restatement section 6(2)(b) and 6(2)(c) factors**

In Florida, the particular rule of law is Fla. Stat. § 768.21, which sets forth the state's wrongful death damages scheme. Florida has recognized two interests relating to this rule of law. The first is to shift losses arising from a wrongful death from the injured party to the wrongdoer. The second is to ensure that any damages imposed do not pose an "excessive and unfair burden upon domiciliary defendants." *Piamba Cortes*, 177 F.3d at 1300; Fla. Stat. §

768.74. Plaintiffs point to three policy interests underlying Missouri's wrongful death damages statute, Mo. Rev. Stat. § 537.090: (1) compensate bereaved persons for their loss, (2) ensure that tortfeasors bear the cost of unsafe activities, and (3) deter harmful conduct which might lead to death. See Resp., at 13.

Here, a balance of the interests tips in favor of applying Florida law. Applying Florida law to Plaintiffs' claims would not contravene Missouri's policy interests. If Plaintiffs prevail, the bereaved persons – including (possibly) Landon Cleaveland – would be compensated for Defendants' allegedly unsafe practices and Defendants would be deterred from harmful conduct in the future. Moreover, as noted previously, two of the eight Defendants, Hospitality Purveyors and Unique Vacations, have their principal place of business in Florida. The remaining Defendants – including Sandals, which has a sales office in the state – conduct business in Florida. Under these circumstances, Florida's interests in ensuring that a damages award is not excessive against its own domiciliary defendants would be advanced if the Court applies Florida law. See *Walker v. Paradise Grand Hotel, Ltd.*, 2003 WL 21361662 at *3 (concluding that the fact that the defendant had business ties in Florida was sufficient to treat it as a domiciliary defendant for purposes of the conflict of laws analysis).

### b. Remaining factors under section 6(2)

The resolution of a conflict-of-laws problem should "further harmonious relations between states and ... facilitate commercial intercourse between them." Rest. § 6 cmt. d. Instead of filing suit in Missouri, Plaintiffs chose to file this lawsuit in a Florida forum against several Defendants who conduct business in Florida and involving claims that are fully recognized and well-settled under Florida law. Under these facts, there would be no discernible impact on the

11

interstate system if the Court applies Florida law.

Similarly, the factors listed in sections 6(2)(d) and (f) – concerning the Parties' justified expectations and the certainty, predictability, and uniformity of the result – do not support the application of Missouri law. "It is rarely the case that parties in a tort suit – especially when the injury is unintended – plausibly can argue that they possessed justified expectations concerning the law to be applied to the suit or planned their conduct according to a jurisdiction's damages law." *Piamba Cortes*, 177 F.3d at 1302. There is no indication whatsoever that Van Hoy's decision to travel to the Bahamas was made with the expectation that Missouri's, or any other jurisdiction's wrongful death laws, would govern his survivors' claims in the event of an accident. Therefore, this factor bears little significance on the choice-of-law analysis.

As to the policies underlying the field of tort law, the choice-of-law analysis weighs slightly in favor of applying Missouri law. The Restatement identifies two particular interests underlying the field of tort law: the provision of compensation for injured victims and the deterrence of tortious conduct. Rest. § 145 cmt. b. Based on Plaintiffs' filings, Missouri's wrongful death damages scheme is more generous than Florida's because it allows survivors to recover for pain and suffering incurred by the decedent between the time of the injury and death. *See supra* at 9. Therefore, applying Missouri law might potentially provide greater compensation to Plaintiffs. However, on balance, given that the majority of the section 6(2) factors support the application of Florida law, this is insufficient to tip the balance in Missouri's favor.

Lastly, the Section 6(2)(g) factor regarding the ease of application of the law to be applied deserves little weight. Florida law is easily accessible to both the Court and the Parties, which – with the exception of Unique Vacations – are all represented by Florida counsel. Therefore,

12

considering the relevant Restatement factors, and taking into consideration that Florida's contacts with this case are comparatively greater than Missouri's, the Court will apply Florida law to Plaintiffs' claims.

## IV. Conclusion

Based on the foregoing, it is

ORDERED that:

1. Defendants Pentair Water Pool and Spa, Inc. and Sta-Rite Industries LLC's Motion to Determine Choice of Law [DE-173] is DENIED to the extent Defendants request that the law of the Bahamas be applied.

2. Defendant Sandals Resort Interntaional, Ltd.'s Motion to Determine Choice of Law [DE-179] is DENIED to the extent Defendants request that the law of the Bahamas be applied.

3. Defendants Unique Vacations, Inc. and Hospitality Purveyors, Inc.'s Notice of Joinder [DE-175], construed as a motion to join, is GRANTED.

4. Defendant SCP Distributors, LLC's Notice of Joinder [DE-176], construed as a motion to join, is GRANTED.

5. Florida law shall apply to both the liability and damages claims at issue in this case.

DONE and ORDERED in Miami, Florida, this 6th day of December, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record